[Civ. No. 14447.   Second Dist., Div. One.   Sept. 11, 1944.]

WILLIAM L. ROBERTSON, Appellant, v. WILLIAM G. BONELLI, Respondent.

John C. Miles for Appellant.

Leonard Wilson for Respondent.

DRAPEAU, J. pro tem.—Plaintiff and defendant were political associates.   The defendant is an office holder, engaged in political activity and at times in political campaigns to retain his office.   Also, at other times he is a candidate for other offices.   And at one time he was indicted by a grand jury, tried for certain alleged felonies and acquitted by a trial jury.   The plaintiff secured donations for several of the defendant's campaigns, and for a defense fund to be used in the criminal case.   These funds were solicited from and contributed by members of a leading California industry.

In this action the plaintiff alleged that on several different occasions he loaned to the defendant personal funds of his

own, no part of which has been repaid. No note or memorandum of the transactions was made or kept, other than a book account testified to by the plaintiff. He further testified that with the exception of $2,500 the money was withdrawn in cash from his safety deposit box and personally delivered to the defendant.

Summed up, the plaintiff testified he made the loans; the defendant testified to the contrary. Other witnesses supported the testimony, either of the plaintiff or the defendant. At the conclusion of the trial the trial judge resolved the conflict against the plaintiff and held for the defendant.

Plaintiff's opening brief states that he is aware of the substantial evidence rule binding upon courts of appeal; but argues that the case should be reversed because of asserted errors of the trial court in ruling upon questions of evidence.

The first error claimed is the sustaining of an objection to a question seeking to elicit the reasons of the plaintiff for not taking promissory notes for the alleged loans. As stated, with the exception of one $2,500 item, the plaintiff testified that all of the money was turned over to the defendant in cash, and that no receipts, promissory notes, or other evidences of obligation passed between the parties. With respect to the $2,500 item, the plaintiff testified that it was a loan and was represented by a check made by the plaintiff's wife, payable to the defendant and endorsed by him. The defendant admitted receiving and endorsing the check, but stated that it was for money raised by the plaintiff for the defendant's then current campaign for district attorney, and that it was not a loan. Inspection of the record shows that during the course of the trial the plaintiff later testified to the matters concerning which objection was first sustained.

The second asserted error is the sustaining of an objection relative to a conversation concerning a purported loan of $60. Later on the witness testified as to this matter, also.

The third asserted error was the refusal of the trial court to permit the plaintiff to testify as to credits on the account. Objection was properly sustained for the reason that no credits appeared in plaintiff's bill of particulars.

[1b] "A judgment will not be reversed for error in excluding evidence which is harmless, or does not prejudice the substantial rights of the appellant. It is not reversible error to exclude evidence which is immaterial, or could not have

affected the decision upon a material fact. So, also, the exclusion of evidence is harmless where the fact to be proved thereby was amply proved by other competent evidence already given and not stricken out, or where substantially the same testimony is subsequently admitted without objection.'' (2 Cal.Jur. 1022.)

In the cited authority, and supplements thereto, may be found a number of cases supporting the proposition.

All of the other argument in appellant's brief must be disposed of by application of the substantial evidence rule. Affidavits presented on the motion for new trial simply enlarge upon the conflict of evidence in the case, which was resolved against the plaintiff, both in the findings of fact and on the motion for new trial.

The judgment is affirmed.

York, P. J., and White, J., concurred.